# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE BLYTHE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 16-4673 |
| DELAWARE COUNTY BOARD OF PRISON INSPECTORS, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**　　　　　　　　　　　　　　　　　　　　　　　**APRIL 4, 2018**

　　　　Plaintiff George Blythe ("Blythe"), a former state inmate at George W. Hill Correctional Facility (the "correctional facility"), brought this action to redress federal constitutional violations he alleges were committed when Defendants delayed and failed in providing him proper medical treatment for scabies.

　　　　Defendants now move for summary judgment, contending that Blythe failed to exhaust his administrative remedies and, even if so, his claims fail on the merits. Blythe has filed a Memorandum of Law in Partial Opposition to Defendants' Motion for Summary Judgment. For the reasons noted below, Defendants' Motion is granted.

## I.　　BACKGROUND

　　　　Blythe served a county prison sentence at the correctional facility between July 1, 2014 and December 18, 2015. (Pl.'s Statement of Undisputed Material Facts ¶ 1.) Shortly after he entered the correctional facility, he contracted a skin condition that caused him to feel discomfort, itching, irritation, and pain. (*Id.* ¶ 3.) From October 29, 2014, the time in which

Blythe first reported hives on his forearms, to December 18, 2015, the date he was transferred to State Correctional Institution-Forest ("SCI-Forest"), the medical staff at the correctional facility examined and treated him for his skin condition approximately twenty-nine times. (*See* Def.'s Statement of Undisputed Material Facts ¶¶ 3-33.) His medication chart notes numerous creams, ointments, and medications prescribed to treat the condition.

In addition, the correctional facility also sent Blythe to see an outside dermatologist on August 5, 2015 and October 22, 2015. (*Id.* ¶ 18.) After the first visit, the dermatologist diagnosed Blythe with scabies, and the correctional facility staff gave him Stromectol, which is a scabicide, and placed him on scabies protocol. (*Id.* ¶¶ 18-20.) His second visit with the dermatologist resulted in a biopsy being taken, which came back negative for scabies. (*Id.* ¶¶ 29, 31.)

Blythe was transferred to SCI-Forest on December 18, 2015. (Pl.'s Statement of Undisputed Material Facts ¶ 93.) He claims that he was immediately treated for scabies there and finally felt relief for the first time in October 2016. (*Id.* ¶¶ 94-95.)

On February 27, 2017, Blythe filed a two-count Amended Complaint against Dr. Ronald B. Phillips, Nurse Mariel Trimble, Nurse Shelly Mealo, Nurse Shirley Medina, Physician Assistant Jeffrey Withelder, Nurse Genevieve S. Fullard, Physician Assistant Kelly Mullan, Michael Hornyak, Nurse Lynn Milano, Nurse Cecilia Knoble-Watts, Nurse Whitaker M. Ash-Shakir, Nurse D. Ringstaff, Nurse Migdalia Gruzman (collectively, the "Medical Defendants"), Delaware County Board of Prison Inspectors ("DCBPI"), Community Education Centers, Inc. ("CEC"), Superintendent John A. Reilly, and Warden Dave Byrne. Count I is a claim of cruel and unusual punishment under the Eighth Amendment and is directed towards the Medical Defendants. Count II is a claim under *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S.

658 (1978) and is against DCBPI and CEC. On January 17, 2018, Defendants filed a Motion for Summary Judgment, seeking dismissal of the entire action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" *Compton v. Nat'l League of Prof'l Baseball Clubs*, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998) (quoting *Liberty Lobby*, 477 U.S. at 255).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment

3

motion. *Tziatzios v. United States*, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine disputes of material fact, then summary judgment will be granted. *Celotex*, 477 U.S. at 322.

## III. DISCUSSION

At the outset, the Court notes that Blythe concedes that summary judgment may be granted in favor of DCBPI, CEC, Mealo, Withelder, Fullard, Hornyak, Milano, Ash-Shakir, Reilly, and Byrne. (Pl.'s Mem. of Law in Partial Opp'n Def.'s Mot. Summ. J. 3-4.) Therefore, only the Eighth Amendment cruel and unusual punishment claim against a portion of the Medical Defendants remains for the Court's consideration.[1]

### A. Exhaustion of Administrative Remedies Under the Prison Litigaton Reform Act ("PLRA")

Prior to addressing the merits of Blythe's Eighth Amendment cruel and unusual punishment allegation, we will first analyze Defendants' argument that this action must be dismissed because Blythe failed to exhaust his administrative remedies as required under the PLRA.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court of the United States has stated that the PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). However, as the text of the statute provides, an inmate need only exhaust administrative remedies that are "available." *See Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).

---

[1] The concession that summary judgment may be granted in favor of DCBPI and CEC extinguishes the *Monell* claim in Count II of the Amended Complaint.

The Supreme Court has articulated three circumstances where an administrative remedy is not "available." First, an administrative remedy is unavailable when the administrative procedure operates as a dead end. *Id.* at 1859 (citing *Booth*, 532 U.S. at 736, 738). Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Such an instance occurs when there is a mechanism to provide relief, "but no ordinary prisoner can discern or navigate it." *Id.* And finally, remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. The United States Court of Appeals for the Third Circuit has further defined "available" to mean "capable of use; at hand." *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) (quoting *Brown v. Cook*, 312 F.3d 109, 113 (3d Cir. 2002)).

"Although the availability of administrative remedies to a prisoner is a question of law, it necessarily involves a factual inquiry." *Id.* (internal citations omitted). In addition, the Court must look to the prison's grievance procedure, as it "suppl[ies] the yardstick for measuring procedural default." *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004).

In this case, the Inmate Handbook outlines the prison grievance procedure at the correctional facility. First, formal grievances are initiated by completing a grievance form, which can be obtained from the inmate's block representative or the "Housing Officer." (*See* Defs.' Mem. Support Mot. Summ. J., Ex. E at CEC 667.) If the inmate is not satisfied with the response, he may write an appeal to the Warden within seven days. (*Id.* at CEC 668.) According to the original grievance form an inmate must fill out, he must request the appeal form from a staff member. (Defs.' Mem. Support Mot. Summ. J., Ex. F at 2.) Blythe received a copy of the

Inmate Handbook when he arrived at the correctional facility. (Defs.' Mem. Support Mot. Summ. J., Ex. A ("Blythe Dep.") at 51.)

Blythe testified that he filled out numerous formal grievance forms regarding his skin condition, but he never took the second step to appeal to the Warden. (*Id.* at 51-52.) He stated that the appeal forms would be provided when an inmate gets a response from a counselor. (*Id.* at 53.) He further testified that, although he requested an appeal form from his counselor, one was never provided to him. (*Id.*) Given the clarity that Defendants are entitled to summary judgment on the merits of Blythe's Eighth Amendment cruel and unusual punishment claim, we will assume, without deciding, that he exhausted all "available" administrative remedies.

### B. Eighth Amendment Cruel and Unusual Punishment

To succeed on an Eighth Amendment cruel and unusual punishment claim regarding basic medical treatment while in prison, a plaintiff must demonstrate: (1) deliberate indifference to his medical needs; and (2) that those needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Third Circuit has found deliberate indifference in a number of circumstances, such as "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Id.* (citing *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993)). Importantly, "[a]llegations of medical malpractice are not sufficient to establish a Constitutional violation." *Spruill*, 372 F.3d at 235 (citing *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990)). "'[M]ere disagreement as to the proper medical treatment' is also insufficient." *Id.* (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)) (alteration in original).

Here, Blythe cannot succeed on his Eighth Amendment claim because there is no evidence that the correctional facility was deliberately indifferent to his medical needs. As mentioned above, the medical staff at the correctional facility saw Blythe nearly thirty times over the course of fourteen months to treat his skin condition, and the medical chart indicates he was prescribed numerous creams, ointments, and medications for his treatment. The correctional facility even sent him to an outside dermatologist to have the condition properly treated. In particular, after the dermatologist diagnosed Blythe with scabies, the correctional facility put Blythe on scabies protocol and gave him a scabicide medication. When that course of treatment did not remedy the skin condition, the correctional facility sent Blythe to the dermatologist again, where a biopsy was taken that would later turn out negative for scabies.

Simply put, Blythe disagrees with the treatment the correctional facility provided for his skin condition. However, such a disagreement does not amount to a claim of cruel and unusual punishment under the Eighth Amendment. *See Spruill*, 372 F.3d at 235. There is no evidence to show that the correctional facility knew about his skin condition and intentionally did not treat it; that the staff delayed medical treatment for a non-medical reason; or that the staff prevented him from receiving medical treatment. *See Rouse*, 182 F.3d at 197. Therefore, we conclude there is no evidence in the record to show that the correctional facility was *deliberately indifferent* to his medical needs. Accordingly, Defendants are entitled to summary judgment.[2]

## IV.  CONCLUSION

To establish the essential elements of a claim of cruel and unusual punishment under the Eighth Amendment regarding the need for medical care while in prison, plaintiffs must show deliberate indifference to their medical needs. Merely disagreeing with the kind of medical

---

[2] Because the Court finds there is no evidence of deliberate indifference to Blythe's medical needs, a discussion of whether scabies is a "serious medical condition" is unnecessary.

treatment is insufficient to establish a constitutional violation. Because there is no record evidence that the Defendants were deliberately indifferent to Blythe's medical needs, the Court grants Defendants' Motion for Summary Judgment as to Count I of the Amended Complaint. Likewise, summary judgment is granted as to Count II of the Amended Complaint as uncontested.

      An appropriate Order follows.